IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **MEDPACE, INC.**, | : |
| *Plaintiff,* | : |
| v. | : Case No. 1:24-cv-000395-JPH |
| **AVM BIOTECHNOLOGY, INC.**, | : Judge Jeffery P. Hopkins |
| *Defendant.* | : |

**ORDER**

This matter is before the Court on Plaintiff Medpace, Inc.'s ("Medpace" or "Plaintiff") Partial Motion to Seal the Master Service Agreement and Task Orders (the "Motion").[1] Doc. 12. For the reasons set forth below, the Court **GRANTS IN PART** the Motion.

**I.     BACKGROUND**

This case arises out of a contract dispute between Medpace and AVM Biotechnology, Inc. ("AVM"). Doc. 1, PageID 1. The Complaint avers that on or about October 25, 2019, Medpace and AVM entered into a Master Services Agreement ("MSA") under which "AVM procured from Medpace and agreed to pay Medpace for certain clinical trial services" (the "Services"). *Id.* at PageID 2. Medpace asserts that AVM agreed that the descriptions and costs of the Services would be set forth in separate written task orders (the "Task Orders") to be jointly decided upon and signed by both parties. *Id.* Medpace further alleges that AVM agreed

---

[1] Following the modification of Medpace's Motion in its reply, the Court construes the present Motion as a request to partially "redact" only certain instances of "pricing [as is] reflected in the Task Orders." Doc. 22, PageID 2168.

1

to pay Medpace for the Services as outlined in the MSA, to reimburse Medpace for certain "Pass-through Costs," and to pay certain "Pre-funded Expenses." *Id*. at PageID 3.

Medpace maintains that, while it has fully and properly performed all its duties and obligations under the MSA, including duly and timely invoicing AVM for Services, Pass-through Costs, and Pre-funded Expenses, AVM has nevertheless failed to pay Medpace $295,588 in such costs. *Id*. On November 16, 2022, February 10, 2023, August 7, 2023, and December 8, 2023, Medpace demanded in writing that AVM pay the past due principal balance then allegedly due to Medpace under the MSA and corresponding Task Orders. *Id*. To date, Medpace contends that AVM has failed to pay Medpace any such due costs. *Id*. at PageID 4.

On July 26, 2024, Medpace brought the instant action. *Id*. at PageID 1. On October 11, 2024, AVM counterclaimed, asserting that Medpace failed to perform under certain provisions of the MSA, made negligent misrepresentations to AVM, and engaged in deceptive trade practices. Doc. 8, PageID 26–28. On October 31, 2024, Medpace moved to seal the MSA and Task Orders (collectively, the "Agreements") in their entirety. Doc. 12. On December 4, 2024, AVM filed its opposition to the Motion, asserting that no compelling reasons exist to seal the Agreements. Doc. 21. In its reply, Medpace now concedes that it "will consent to the public filing of the MSA and much of the Task Orders" but contends that it will "continue[] to seek to protect [through redaction] … the limited but competitively sensitive pricing figures reflected in the Task Orders." Doc. 22, PageID 2166. The Motion is fully briefed and ripe for adjudication.

## II. STANDARD OF REVIEW

A party seeking to seal court records bears the heavy burden of overcoming the "strong presumption in favor of openness" as to court records. *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *Brown & Williamson Tobacco Corp. v. FTC*, 710 F.2d 1165, 1179 (6th Cir. 1983)). This presumption arises because "[t]he public has a strong interest in obtaining the information contained in the court record … [including] an interest in ascertaining what evidence and records" a court relies upon in making its decision. *Lipman v. Budish*, 974 F.3d 726, 753 (6th Cir. 2020) (quoting *Brown & Williamson*, 710 F.2d at 1180–81). Indeed, "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 476 (6th Cir. 1983).

To meet its substantial burden, the party seeking to seal court records "must show three things: (1) a compelling interest in sealing the records; (2) that the interest in sealing outweighs the public's interest in accessing the records; and (3) that the request is narrowly tailored." *Kondash v. Kia Motors America, Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019). The moving party must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp.*, 825 F.3d at 305–06 (quoting *Baxter Int'l, Inc. v. Abbott Labs*, 297 F.3d 544, 548 (7th Cir. 2002)). Likewise, when a district court elects to seal court records, it must set forth specific findings and conclusions that justify nondisclosure to the public. *Brown & Williamson*, 710 F.2d at 1176.

## III. ANALYSIS

This Court recognizes that its supervisory power over records and its discretion to seal are limited by the right of the public to such information. *See id.* at 1178–80. This presumption in favor of access to court records can nonetheless be overcome upon a requesting party's

showing of compelling, superseding, and narrowly tailored reasons for a record to be filed, if even partly, under seal. *Shane Grp.*, 825 F.3d at 306. While it initially moved to file the Agreements and Task Orders entirely under seal, Medpace now represents that it will "consent to publicly filing the MSA and further consent to publicly filing everything in the Task Orders ***other than*** Medpace's pricing (*i.e.*, the dollar amounts Medpace charged AVM for its services) reflected therein." Doc. 22, PageID 2167 (emphasis added) (alteration in original). As set forth below, the Court finds that Medpace has satisfied these factors so as to warrant a narrowly tailored redaction of the pricing information contained in the Task Orders.

### a. Compelling Reasons Exist to Support the Redaction of the Pricing Reflected in the Task Orders.

Medpace has demonstrated a compelling interest in redacting the competitively sensitive pricing information reflected in the Task Orders. Courts in the Sixth Circuit recognize that "[c]ontent-based exceptions to the right of [public] access [to court records] … protect competing interests." *Brown & Williamson*, 710 F.2d at 1179. Documents that reveal proprietary and confidential information constitute an exception to the general right of public access to judicial records. *Id*. at 1180; *see also NetJets Ass'n of Shared Aircraft Pilots v. NetJets, Inc.*, No. 2:14-cv-2487, 2016 WL 5349793, at *2 (S.D. Ohio Sept. 23, 2016) (finding no clear error where a motion to seal was granted because the information contained therein was "proprietary and would harm [a party's] business interests if released"); *Lucid Health, Inc. v. Premier Imaging Ventures, LLC*, No. 2:20-cv-1055, 2021 WL 128956, at *2 (S.D. Ohio Jan. 14, 2021) (granting a motion to seal portions of an expert report because the report disclosed information "that would provide competitors with an inside look at [d]efendant's business strategies and potential customers"); *Pro. Investigating & Consulting Agency, Inc. v. SOS Sec. LLC*, No. 2:19-cv-3304, 2022 WL 4376227, at *2 (S.D. Ohio Sept. 22, 2022) ("The parties have met

the burden to justify sealing these documents because they contain confidential business information, including confidential pricing information and business strategy.").

This Court finds that public disclosure of the pricing information reflected in the Task Orders may undermine the business relationships between Medpace and other third-party vendors and customers, may impede Medpace's ability to negotiate favorable terms in future contracts with potential third parties, and may give a competitive advantage to Medpace's business competitors. These compelling reasons are complemented by Medpace's claim that, pursuant to Section 8(C) of the MSA, AVM previously agreed that Medpace's pricing was indeed confidential and that AVM would "not disclose Medpace Confidential Information [defined to including "pricing"] to any third party . . . without the prior written consent of Medpace." Doc. 22, PageID 2170 (alteration in original). Here, public disclosure of the pricing information reflected in the Task Orders risks undermining Medpace's business prospects, its strategies, and its competitive edge. These compelling reasons are sufficient for this Court to validate the exception to the general right of public access to judicial records, warranting the redaction of the competitively sensitive pricing information contained in the Task Orders.

      **b. Medpace's Interest in Sealing Outweighs the Public's Interest in Accessing the Records.**

The Court finds no countervailing public interest favoring disclosure here. Whether the "case [is] of great importance to the public" informs the balancing of the public interest as weighed against the privacy interests of the moving party. *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th Cir. 2016). Courts consider whether the case concerns public health and safety and whether "members of the public are also parties to the [case]." *Kondash v. Kia Motors Am., Inc.*, 767 F. App'x 635, 637 (6th Cir. 2019) (finding no

abuse of discretion where a district court considered whether the at-issue documents were of "great public interest, particularly to drivers concerned about their safety"); *see also Shane Grp.*, 825 F.3d 299, 305 (6th Cir. 2016) (finding that in class actions, where "'some members of the public are also parties to the case'—the standards for denying public access to the record 'should be applied with particular strictness.'") (quoting *In re Cendant Corp.*, 260 F.3d 183, 194 (3d Cir. 2001)) (alterations omitted).

After considering the public's interest in disclosure, the Court finds that the right of the public to access Medpace's competitively sensitive pricing information is overcome by Medpace's asserted privacy interests in such information. This case does not concern public health and safety. Rather, it is a breach of contract case involving a dispute over outstanding invoices and a private agreement among commercial counterparties to provide certain services. Doc. 12, PageID 37. No member of the broader public is a party to the case. *Id*. And the Court can discern no legitimate interest of the public in Medpace's confidential pricing information, apart from its plenary right to the public access of courts and certain court records. After all, such information, under the parties' controlling Agreements, "is not intended to be available [even] to the parties' competitors, vendors, or customers." *Id*. at PageID 38. Therefore, Medpace has satisfied its burden to demonstrate that its interest in redacting the competitively sensitive pricing information outweighs the public's interest in accessing such confidential information.

### c. The Request to Seal is Narrowly Tailored.

This Court finds that there is no narrower way to tailor the Motion as modified. Here, Medpace has made a reasonable showing that its Motion is "no broader than necessary." *Shane Grp.*, 825 F.3d at 306. Medpace asserts that it "will consent to publicly filing the MSA

and further consent to publicly filing everything in the Task Orders other than Medpace's pricing (*i.e.*, the dollar amounts Medpace charged AVM for its services) reflected therein." Doc. 22, PageID 2167. In light of this concession and the fact that the "only information Medpace continues to seek to protect [through redaction] is the limited but competitively sensitive pricing figures reflected in the Task Orders," *id.* at PageID 2166, the Court finds that the request to redact the limited pricing information "is no broader than necessary." *Shane Grp.*, 825 F.3d at 306.

### IV. CONCLUSION

For the reasons set forth herein and for good cause shown, Medpace's Motion (Doc. 12) is hereby **GRANTED IN PART**. The Court clarifies that the MSA and Task Orders will *not* be subject to seal but that the parties are permitted to partially redact only certain instances of "pricing reflected in the Task Orders," as is characterized by Medpace's modification of its Motion in its Reply. Doc. 22, PageID 2168.

**IT IS SO ORDERED.**

January 8, 2025

Jeffery P. Hopkins
United States District Judge